UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-09088-RGK-E | Date | December 19, 2022 |
|---|---|---|---|
| Title | *Alanna Apfel Horowitz v. FCA US LLC, et al* | | |

cc: Los Angeles Superior Court, 22STCV18697

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

On June 7, 2022, Alanna Horowitz ("Plaintiff") filed a complaint against FCA US, LLC ("FCA") and Santa Monica Chrysler Dodge Jeep Ram ("Defendants") in state court, alleging, *inter alia*, violations of the Magnuson-Moss Warranty Act. Plaintiff seeks damages, restitution, civil penalties, and attorneys' fees and costs. FCA removed the case to federal court on federal question jurisdiction grounds (28 U.S.C. § 1331). (Notice of Removal, ECF No. 1.) Upon review of FCA's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. Under 28 U.S.C. § 1331, district courts have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." Claims arising under the Magnuson-Moss Warranty Act must also have an amount in controversy equal to or greater than $50,000. 15 U.S.C. § 2310(d)(3)(B). A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Here, FCA does not plausibly allege that the amount in controversy exceeds the jurisdictional threshold. FCA asserts that the value of the vehicle at the time Plaintiff leased it was $35,185. (Notice of Removal ¶ 27; *see also id.*, Ex. C.) But Plaintiff leased the vehicle for a 36-month term, and thus the "total amount Plaintiff was to pay through the end of the lease was at least $15,531.61." (*Id.* ¶ 28; *id.* Ex. C.) Therefore, even assuming that Plaintiff has paid the entirety of her lease (or paid the full purchase price of the car), her payments would not come close to meeting the $50,000 amount-in-controversy requirement.

FCA also asserts, however, that Plaintiff seeks civil penalties and attorneys' fees and costs. But these penalties and costs are speculative. As to civil penalties, while authorized under the Song-Beverly Act, FCA has not alleged sufficient facts supporting such an award. As to attorneys' fees, district courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09088-RGK-E | Date | December 19, 2022 |
| Title | *Alanna Apfel Horowitz v. FCA US LLC, et al* | | |

within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are also too speculative to include in the amount in controversy.

Therefore, the Court finds that FCA has not plausibly alleged that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/a |